### STATE v. ROSSIE FREEMAN.

(Filed 14 December, 1960.)

**Criminal Law § 161—**

An inadvertence in placing the burden upon the State to satisfy the jury by the greater weight of the evidence must be held for prejudicial error, notwithstanding that in other portions of the charge the burden of proof is correctly defined.

APPEAL by defendant from *Mallard, J.,* October 1959 Criminal Term, of COLUMBUS.

Defendant was charged with an assault with a deadly weapon, inflicting serious injury, not resulting in death. The jury returned a verdict of guilty as charged. Prison sentence was imposed and defendant appealed.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*
*Hackett & Weinstein for defendant, appellant.*

PER CURIAM. The court charged the jury the defendant's plea of not guilty was a challenge to the credibility of the State's evidence, entitling defendant "to an acquittal unless and until the State has satisfied you from the evidence and by its greater weight of his guilt."

Conviction could only be had upon proof of guilt beyond a reasonable doubt. The jury was so informed in a subsequent portion of the

charge. The error in defining the degree of proof required was undoubtedly a "slip of the tongue." Nonetheless, it was prejudicial, entitling defendant to a

New trial.